Steven S. Vosbikian
VOSBIKIAN & VOSBIKIAN
Attorney for Plaintiff
1060 Kings Highway North
Suite 101
Cherry Hill, NJ 08034
T: (856) 755-1400; F (856) 755-1475
ssvosbikian@voslaw.com

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| WILLIAM FULLER<br><br>*Plaintiff,*<br><br>v.<br><br>ANTHONY BLINKEN in his official capacity as Acting Secretary of the UNITED STATES DEPARTMENT OF HOMELAND SECURITY<br><br>TRACY RENAUD in her official capacity as Director of the UNITED STATES CITIZENSHIP & IMMIGRATION SERVICES<br><br>YA-MEI CHEN in her official capacity as Field Office Director of the UNITED STATES CITIZENSHIP & IMMIGRATION SERVICES (MOUNT LAUREL, NJ)<br><br>JOHN THOMPSON in his official capacity as District Director of the UNITED STATES CITIZENSHIP & IMMIGRATION SERVICES (MOUNT LAUREL, NJ)<br><br>JOHN DOE in their official capacity as USCIS Officer at the UNITED STATES CITIZENSHIP & IMMIGRATION SERVICES (TEXAS SERVICE CENTER)<br><br>MERRICK GARLAND in his official capacity as ATTORNEY GENERAL OF THE UNITED STATES<br><br>GURBIR S. GREWAL in his official capacity as UNITED STATES ATTORNEY<br><br>*Defendants.* | Case No.: 1:21-cv-13804<br><br>**COMPLAINT IN THE NATURE OF MANDAMUS AND DECLARATORY JUDGMENT** |

- 1 -

## I. INTRODUCTION

Plaintiff, William Fuller, files this complaint in the nature of mandamus seeking that the USCIS adjudicate his I-140, Immigration Petition fort Alien Worker.

On September 27, 2019, plaintiff filed an I-140, Petition for Alien Worker with the United States Citizenship and Immigration Service (USCIS). Said petition is outside the normal processing time. For this reason, plaintiff files this complaint seeking that the USCIS adjudicate his petition.

## II. JURISDICTION AND VENUE

1. Jurisdiction of the Court is predicated upon 28 U.S.C. §1331 and §1346(a)(2) in that the matter in controversy arises under the Constitution and laws of the United States, and the United States is a Defendant. The Court also has jurisdiction over the present action pursuant to 28 U.S.C. §2201, the Declaratory Judgment Act; 5 U.S.C. § 702, the Administrative Procedures Act; and 28 U.S.C. §361, regarding an action to compel an officer of the United States to perform his or her duty.

2. Venue is proper in this District under 28 U.S.C. §1319(e), because a substantial part of the events and omissions giving rise to the claim occurred in this district, and because Defendants operate within this district.

3. Relief is requested pursuant to 28 U.S.C. §2201 and §2202.

## III. PARTIES

**Plaintiff**

4.     Plaintiff, William Fuller, is a lawful permanent resident of the United States and resident of the State of New Jersey. Plaintiff resides within the jurisdiction of this Court at 10 Dove Court, Mount Laurel, NJ 08054. Plaintiff's claim to relief arises under 8 U.S.C. 1255.

**Defendants**

5.     Defendant Anthony Blinken is the Secretary for the United States Department of Homeland Security and is sued in his official capacity only. Defendant Blinken is charged with the administration of the United States Citizenship and Immigration Services ("USCIS") and implementing the Immigration and Nationality Act. 8 C.F.R. § 2.1.

6.     Defendant Tracy Renaud is the Director for the USCIS and is sued in her official capacity only. USCIS is a component of the Department of Homeland Security (DHS) that is responsible for adjudicating Plaintiff's I-140, Petition for Alien Worker.

7.     Defendant Ya-Mei Chen is the Field Director for the USCIS Mount Laurel New Jersey Office and is sued in her official capacity only. The Mount Laurel USCIS Field Office is charged with administration of the Immigration and Nationality Act and the adjudication of applications filed by individuals residing in the Southern New Jersey area. Plaintiff's I-140, Petition for Alien Worker is currently pending and in the jurisdiction of the Mount Laurel Field Office.

8.     Defendant John Thompson is the District Director for the USCIS Newark and Mount Laurel Offices in New Jersey and is sued in his official capacity only. Said Field Offices are charged with administration of the Immigration and Nationality Act

and the adjudication of petitions and applications filed by individuals residing in the Southern New Jersey area. Plaintiff's I-140, Petition for Alien Worker is currently pending and in the jurisdiction of the Mount Laurel Field Office.

9. Defendant John Doe is an USCIS Officer at the Texas Service center and is sued in their official capacity only. The Texas Service Center is charged with administration of the Immigration and Nationality Act and the adjudication of petitions filed by individuals residing in the Southern New Jersey area. Plaintiff's I-140, Petition for Alien Worker is currently pending and in the jurisdiction of the Texas Service Center.

10. Defendant United States Department of Homeland Security is the department within which the USCIS adjudicates applications for registration of lawful permanent resident status and adjustment of status. DHS operates within this district with headquarters in Washington, D.C.

11. Defendant United States Citizenship and Immigration Services is the component of DHS that adjudicates petitions for immediate relatives. USCIS operates within this district, with headquarters in Washington D.C.

12. Defendant Merrick Garland is the Attorney General for the United States. Defendant Garland is sued in his official capacity only.

13. Defendant Gurbir Grewal is the United States Attorney for the State of New Jersey. Defendant Grewal is sued in his official capacity only.

## IV. **STATEMENT OF THE CASE**

14. On September 27, 2019, the USCIS acknowledged receipt of the plaintiff's I-140, Petition for Alien Worker.

15. Plaintiff has made several attempts to obtain a decision to no avail. This case is out of normal processing time.

## V. EXHAUSTION OF ADMINISTRATIVE REMEDIES

16. Plaintiff has exercised reasonable means to ascertain the status of her case and has exhausted her administrative remedies. Plaintiff filed the aforementioned application and sought government action from that agency.

17. There is no administrative alternative to filing this complaint, and Plaintiff could otherwise be forced to wait indefinitely.

## VI. CLAIMS FOR RELIEF

### Count One
### FIFTH AMENDMENT

18. Plaintiff re-alleges and incorporates by reference, as if fully set forth herein, the allegations above.

19. Defendants' policies, practices, or customs violate plaintiff's Fifth Amendment substantive and procedural due process rights

### Count Two
### MANDAMUS ACTION
### 28 .S.C. § 1361

20. Plaintiff re-alleges and incorporates by reference, as if fully set forth herein, the allegations above.

21. Defendants are charged with the responsibility of administering and implementing the Immigration and Nationality Act. Defendants bear sole

responsibility for providing a determination on a security check so as to approve the naturalization application within the statutory framework and timeline. Defendants' failure to discharge their statutory obligations is injuring plaintiff. Defendants should be compelled to perform a duty owed to plaintiff, namely the adjudication of plaintiff's I-140 petition.

### Count Three
### ADMINISTRATIVE PROCEDURES ACT
### 5 U.S.C. §§ 701 et seq.

22. Plaintiff re-alleges and incorporates by reference, as if fully set forth herein, the allegations above.

23. By failing to adjudicate plaintiff's I-140 petition Defendants' practices and procedures violate the Administrative Procedures Act and constitute agency action that is arbitrary and capricious, and not in accordance with the law. *5 U.S.C. §§ 701 et seq*.

### Count Four
### DECLARATORY JUDGMENT ACT

24. Plaintiff re-alleges and incorporates by reference, as if fully set forth herein, the allegations above.

25. Plaintiff contends that Defendants' actions are unconstitutional, violate the INA, and are arbitrary and capricious and seek a declaration to such effect. 28 U.S.C. § 2201.

### **PRAYER FOR RELIEF**

The Plaintiff requests the Court to grant the following relief:

**A.** Assume jurisdiction over this matter.

**B.** Order Defendants to adjudicate Plaintiff's I-140, Petition for Alien Worker on or before sixty (60) days from the filing of this complaint.

**C.** Declare that Defendants' policies, practices, and customs which deprive Plaintiff of her right to an adjudication of his I-140 petition violates the United States Constitution, the Immigration and Nationality Act, and the Administrative Procedures Act.

**D.** Declare that Defendants' practice violates legal duties owed to plaintiff under the Immigration and Nationality Act;

**E.** Award Plaintiff's counsel and reasonable attorney's fees and costs pursuant to the Equal Access to Justice Act, 5 U.S.C. § 504, 28 U.S.C. § 2412; and

**F.** Grant such other relief as the court may deemed just and proper.

        Respectfully Submitted,

        VOSBIKIAN & VOSBIKIAN

By: _____
        STEVEN S. VOSBIKIAN
        Counsel for Plaintiff

Dated: July 19, 2021

## **VERIFICATION**

I, Steven S. Vosbikian, being duly sworn upon oath, hereby state: I am the attorney representative of the Plaintiff, William Fuller, in this case and I verify that the information contained in the foregoing Complaint is true and correct to the best of my knowledge and belief.

                                        Respectfully Submitted,

                                        VOSBIKIAN & VOSBIKIAN

                             By:    _____
                                        STEVEN S. VOSBIKIAN
                                        Counsel for Plaintiff

Dated: July 19, 2021